IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-4717-M (BF) |
| | § | |
| DARLENE FORD and ALL OCCUPANTS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff Wells Fargo Bank N.A.'s ("Wells Fargo") Motion to Remand (doc. 9), filed on December 19, 2012. Defendant Darlene Ford ("Ford") failed to file a response, and the time to do so has expired. For the following reasons, the Court recommends that the District Court GRANT the Motion to Remand, but DENY the request for attorney's fees.

**Background[1]**

This case arises out of foreclosure proceedings initiated by Wells Fargo against the real property located at 7311 Chinaberry Road, Dallas, Texas 75249 (the "Property"). (Pl.'s Br. ¶ 2.) Wells Fargo purchased the Property at a non-judicial foreclosure sale held on February 7, 2012. (App. to Pl.'s Br., Ex. A.) Subsequently, Wells Fargo made written demand on Defendants to vacate the Property, however, Defendants refused. (*Id.*) Accordingly, Wells Fargo filed its Original Petition

---

[1] These background facts are taken from Plaintiff's Brief in Support of its Motion to Remand, designated as (Pl.'s Br.).

for forcible detainer in the Dallas County Justice of the Peace Court, Precinct 1, Place 2 of Dallas County, Texas. (*Id.*) Wells Fargo commenced the forcible detainer action on March 14, 2012, and Ford was served on March 16, 2012. (*Id.* at Exs. A, B.) Thereafter, Wells Fargo obtained a judgment in its favor, which Defendants appealed to the County Court at Law No. 5, Dallas County. (*Id.* at Exs. C, D.) The County Court at Law issued a judgment in favor of Wells Fargo on April 19, 2012. (*Id.* at Ex. D.) On May 20, 2012, Ford filed her Notice of Appeal to the Court of Appeals, Fifth District of Texas. (*Id.* at Ex. E.)

On June 15, 2012, Ford filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. *See In Re Darlene Ford,* No. 12-33892-SGJ-7 (N.D. Tex. 2012). On November 1, 2012, the Bankruptcy Court granted Wells Fargo's Motion to Annul Ab Initio the Automatic Stay of § 362(a) to Proceed with Eviction. (App. to Pl.'s Br., Ex. F.) Thus, the Bankruptcy Court entered an order terminating the stay and allowing Wells Fargo to take all legal actions necessary to enforce its rights to possession of the Property. (*Id.*)

Nevertheless, prior to Wells Fargo securing possession of the Property, Ford filed her Notice of Removal in this Court on November 19, 2012.[2] (Doc. 3.) In the Notice of Removal, Ford alleges that this Court has jurisdiction pursuant to federal question and diversity jurisdiction. (Not. of Rem. 2.) On December 14, 2012, this Court ordered Ford to file an amended notice of removal containing (1) facts to establish that federal question jurisdiction exists, and (2) evidence to establish that the amount-in-controversy requirement for diversity jurisdiction has been satisfied. (Doc. 8.) The Court

---

[2] The Court notes that on that same date, Ford filed a supplemental document to her Notice of Removal. (Doc. 5.) The supplemental document appears to be a new case styled Darlene Ford, Plaintiff, v. Wells Fargo Bank NA, Defendant. The supplemental document is titled Plaintiff's Original Petition and it appears to be a suit to quiet title. Ford is instructed that she cannot file a new lawsuit through this removed civil action, originally brought by Wells Fargo in state court.

gave Ford thirty days from the date of the Order to file her amended notice of removal. However, Ford failed to file an amended notice of removal. Instead, on December 19, 2012, Wells Fargo filed a Motion to Remand, which is now ripe for determination.

**Standard of Review**

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). In an action that has been removed to federal court, the removing party shoulders the burden of establishing the existence of federal subject matter jurisdiction. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

**Analysis**

**Federal Question Jurisdiction**

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Here, Wells Fargo's Original Petition does not present a question of federal law, as it only asserts a state-law cause of action for forcible detainer. *See Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16,

2010) (holding that forcible detainer actions do not raise federal-law claims). In her Notice of Removal, Ford claims federal question jurisdiction exists because the case involves "the taking of real property without due process." (Not. of Rem. 2.) However, Ford's due process claims arise, if at all, out of her own averments in the Notice of Removal and not from Wells Fargo's Original Petition, as required under the well-pleaded complaint rule. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("a federal court has original or removal jurisdiction only if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action." (internal quotation marks omitted)). Furthermore, a federal question raised in the answer or in the petition for removal is insufficient to confer federal question jurisdiction. *Id.* Here, Ford's due process claim in her Notice of Removal does not suffice to bestow federal question jurisdiction upon this Court. *See Scojo Solutions v. Mitchell,* No. 3:12-CV-3814-M, 2012 WL 5933056, at *2 (N.D. Tex. Oct. 31, 2012), *rec. adopted,* 2012 WL 5935407 (N.D. Tex. Nov. 26, 2012) (remanding forcible detainer action because defendant's federal due process claim asserted in the notice of removal failed to support the exercise of federal question jurisdiction).

In this Court's December 14, 2012 Order, the Court warned Ford that it could not ascertain whether it had subject matter jurisdiction over the matter. This Court ordered Ford to file an amended notice of removal alleging facts to establish the existence of federal question jurisdiction. Nevertheless, Ford failed to file an amended notice of removal. The Court finds that it lacks federal question jurisdiction.

**Diversity Jurisdiction**

In cases brought pursuant to diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D.Tex. Sep. 11, 2012).

Here, the amount of damages has not been alleged in the state court petition, and Ford has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In fact, Ford fails to make any allegations concerning the amount in controversy in her Notice of Removal. In the aforementioned Order dated December 14, 2012, this Court also ordered Ford to file an amended notice of removal which contained evidence to establish that the value of the right to possess the property at issue exceeded $75,000. However, Ford failed to file an amended notice of removal. Ford has not established the value of the right to occupy or possess the property at issue, and thus she has not met her burden of demonstrating by a preponderance of the evidence that the jurisdictional minimum has been satisfied. The amount-in-controversy requirement has not been met, so the Court lacks diversity jurisdiction.

Moreover, Ford is still residing at the Property and thus she is a citizen of the state of Texas. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 797 (5th Cir.2007) (an

individual is a citizen of the state where she is domiciled). Under the "forum-defendant rule," an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. 28 U.S.C. § 1441(b)(2). Plaintiff Wells Fargo filed suit in the state of Texas, so the forum-defendant rule would preclude Ford's removal of the case. This defect in Ford's removal is procedural, and not jurisdictional, and therefore must be raised by Wells Fargo within thirty days of removal. *See* 28 U.S.C. § 1447(c); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 396 (5th Cir. 2009). In its Motion to Remand, filed within thirty days of Ford's removal of the action, Wells Fargo objected to removal based on the citizenship of Ford. (Pl.'s Br. ¶ 15.) Remand of this case is therefore warranted.

**Timeliness of Removal**

A civil action must be removed within thirty days after the defendant has received a copy of the complaint, or within thirty days after the service of summons upon the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1). Failure of a defendant to remove within the thirty-day time limit is a procedural defect that must be raised within thirty days of removal. *See* 28 U.S.C. § 1447(c); *Elliott,* 2010 WL 4627833, at *4. In its Motion to Remand, filed within thirty days of removal, Wells Fargo objected to the removal based on it being untimely. The Court agrees.

Wells Fargo commenced the forcible detainer action on March 14, 2012, and Ford was served on March 16, 2012. Thus, Ford should have filed her Notice of Removal on or before April 15, 2012. *See Wells Fargo Bank, N.A. v. Anderson*, No. 3:11-CV-024-K, 2011 WL 1135121, at *2 (N.D. Tex. Mar. 28, 2011) (holding that the thirty-day time limit for removal begins to run when the defendant receives service of the justice of the peace suit) (citing *Deutsche Bank Nat. Trust Co. v. Lee*, No. 3:10–CV–2143–L, 2010 WL 5441673, at *2 (N.D. Tex. Dec.23, 2010)). Ford did not file her Notice

of Removal in this Court until November 19, 2012. Ford's removal of the case more than eight months later is clearly untimely. Because Ford's removal notice was untimely filed, remand is warranted on this basis as well.

**Attorney's Fees**

In its Motion to Remand, Wells Fargo also requests costs, expenses and attorney's fees incurred as a result of Ford's removal. (Mot. to Remand ¶ 18.) An award of costs, expenses and attorney's fees pursuant to 28 U.S.C. § 1447(c) is within the discretion of the trial court. *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir. 1993). Since Ford is proceeding *pro se,* the Court cannot find that she had no "objectively reasonable grounds to believe the removal was legally proper." *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). *See also Elliott,* 2010 WL 4627833, at *5 (declining to award attorney's fees and costs because the court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*); *Anderson,* 2011 WL 1135121, at *2 (declining to award attorney's fees and costs in a removed forcible detainer action by a *pro se* defendant because such an award was not warranted under the facts and circumstances of the case). The Court recommends that the District Court decline to award Wells Fargo's requested costs, expenses and attorney's fees.

**Recommendation**

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this removed action. Furthermore, Ford's Notice of Removal was untimely filed. Accordingly, the Court recommends that Wells Fargo's Motion to Remand (doc. 9) be **GRANTED**. The Court further recommends that Wells Fargo's request for costs, expenses and attorney's fees be **DENIED**. This case should be remanded back to Dallas County Court at Law No. 5 in Dallas, Texas.

**SO RECOMMENDED**, February 19, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).